UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TASHANA MITCHELL,

    Plaintiff,

v.

MEGAN J. BRENNAN,

    Defendant.

Case No. 2:18-cv-1385
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion to Dismiss (ECF No. 13), Plaintiff's Memorandum in Opposition (ECF No. 15), and Defendant's Reply Brief (ECF No. 17). For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED in part**. (ECF No. 13).

I.

A. Factual Background

Plaintiff Tashana Mitchell ("Plaintiff") brought this suit against Defendant Megan J. Brennan, Postmaster General ("Defendant"), alleging violations of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"); the Rehabilitation Act, 29 U.S.C. § 791, *et seq.*; and Title VII of the Civil Rights Act, 29 U.S.C. § 2000(e), *et seq.* ("Title VII").[1] Plaintiff is a resident of Ohio. (Am. Compl. ¶ 1, ECF No. 9). Plaintiff has been employed by the United States Postal

---

[1] Plaintiff frames her third cause of action as "Retaliation for Complaints Regarding Unlawful Discrimination." (Am. Comp. ¶ 29). She does not cite Title VII, or any particular statute, with respect to this claim. However, drawing all reasonable inferences in favor of Plaintiff, the Court will consider her asserted facts within a Title VII framework.

Service ("USPS") since 2013, and began working in her current Custodial Services position at the Columbus, Ohio location in June 2016. (*Id.* ¶ 6).

On December 7, 2016, Plaintiff informed Defendant that, beginning that day, she would be taking intermittent FMLA leave to care of her disabled daughter. (*Id.* ¶ 6). Plaintiff alleges that on at least ten occasions in 2017, she requested and was denied promotional opportunities for 204B supervisory positions, Facilitator Training, and Safety Captain Training. (*Id.* ¶ 7). Plaintiff claims that Defendant cited Plaintiff's numerous absences and "excessive" use of FMLA as the reason for the denials. (*Id.*) Additionally, Plaintiff claims that her supervisor suggested that Plaintiff's use of FMLA was seen as "exaggerating" her daughter's condition and stated: "[y]ou have to be here." (*Id.*). On November 10, 2017, Plaintiff filed a complaint with the Equal Employment Opportunity ("EEO") (No. 1C-0002-18), asserting that she was denied opportunities for upward job mobility due to FMLA-protected absences. (*Id.* ¶ 9).

Plaintiff contends that, as a result of filing her EEO complaint, facility managers "began to mentally and physically harass and intimidate her" by regularly following Plaintiff around while she performed her duties, and making repeated comments about her "excessive" use of FMLA. (*Id.* ¶ 10). Additionally, Plaintiff asserts that after filing her first EEO complaint, she was denied a promotional training opportunity for which a person of less seniority was selected. (*Id.* ¶ 12). Plaintiff then filed a second complaint with the EEO (No. 1C-415-0089-18), asserting that management made rude comments about Plaintiff's work ethic, threatened her with physical violence, and made repeated comments about her "excessive" use of FMLA in response to Plaintiff's FMLA absences and association with a disabled person. (*Id.* ¶¶ 10–11).

On October 22, 2018, Plaintiff's second EEO complaint was dismissed as redundant to the subject matter of her first EEO complaint. (*Id.* ¶ 14). On October 25, 2018, Plaintiff received a

Final Agency Decision on her first EEO complaint giving her the option to file a lawsuit in district court on the facts of the EEO complaint. (*Id.* ¶ 13).

**B. Procedural History**

Plaintiff filed suit on November 7, 2018, claiming that Defendant violated the FMLA, the Rehabilitation Act, and Title VII of the Civil Rights Act. (*Id.* ¶ 27). On May 1, 2019, Plaintiff filed an Amended Complaint. (ECF No. 9). On June 5, 2019, Defendant moved to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13). Plaintiff responded (ECF No. 15), and Defendant replied (ECF No. 17). Defendant's Motion to Dismiss is ripe for review.

## II.

To determine whether a complaint states a claim upon which relief can be granted, the Court must: (1) accept the factual allegations contained in the pleadings as true, and (2) determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555. Consequently, a complaint will not be dismissed pursuant to rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

Defendant contends that Plaintiff's allegations under the FMLA, the Rehabilitation Act, Title VII, and "any other legal theory" should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. (Mot. to Dismiss at 5). The Court will consider the sufficiency of Plaintiff's FMLA, Rehabilitation Act, and Title VII claims in turn.

## A. Is it Factually Plausible that Defendant Violated the FMLA?

It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA. 29 U.S.C. § 2615(a)(1). "[I]nterfering with" the exercise of an employee's rights under the FMLA includes "discouraging an employee from using [FMLA] leave." *Arban v. W. Pub. Corp.*, 345 F.3d 390, 402 (6th Cir. 2003) (quoting 29 C.F.R. § 825.220(b)). The FMLA also prohibits an employer from retaliating against an employee by using her "FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions . . ." 29 C.F.R. § 825.220(c). Thus, an employer cannot interfere with an employee's FMLA rights or retaliate against an employee for taking FMLA leave. *Hunter v. Valley View Loc. Schools*, 579 F.3d 688, 690 (6th Cir. 2009).

Defendant contends that Plaintiff's allegations regarding violations of the FMLA are insufficiently pled and should be dismissed under Rule 12(b)(6). (Mot. to Dismiss at 8). First, Defendant points out that "Plaintiff does not state under what theory the USPS allegedly violated her FMLA rights." (*Id.* at 7). Specifically, Defendant argues that Plaintiff's Amended Complaint does not include a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by the basic federal pleading standards under Rule 8(a). (*Id.*). Second, Defendant avers that Plaintiff's pleadings are too broad and conclusory to support a plausible FMLA claim. (*Id.* at 8). Plaintiff disagrees, arguing "[t]here is no doubt that [she] pled facts that

4

could easily lead one to the conclusion that [Defendant] denied her the benefits to which she was entitled under the FMLA and/or used her FMLA leave time as a negative factor leading to adverse action." (Opp'n at 3) (citing *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 447 (6th Cir. 2007)).

**1. Interference**

Pursuant to 29 U.S.C. § 2615(a)(1), it is unlawful for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA statute]." To demonstrate a *prima facie* case, Plaintiff must show: (1) she is an eligible employee, (2) the defendant is a covered employer, (3) the employee was entitled to leave under the FMLA, (4) the employee gave the employer notice of her intention to take leave, and (5) the employer denied the employee FMLA benefits to which she was entitled. *Cavin v. Honda of America Manufacturing, Inc.*, 346 F.3d 713, 719 (6th Cir. 2003). "In the context of an interference claim, there is no need for Plaintiff to show evidence of any particular employer motive or intent." *Harrison v. Proctor & Gamble Distributing, LLC*, 290 F. Supp. 3d 723, 741 (S.D. Ohio 2017) (citing *Wallner v. Hilliard*, 590 Fed. App'x, 546, 550 (6th Cir. 2014)). The Court's inquiry is "simply whether the employer provided its employee the entitlements set forth in the FMLA." *Id.* (citing *Arban v. West Publication Corp.*, 345 F.3d 390, 401 (6th Cir. 2003)).

Plaintiff's Amended Complaint adequately establishes the first four elements of an FMLA interference claim. Plaintiff alleges she has been employed by USPS for at least 12 months. (Am. Compl. ¶ 5). In addition, Plaintiff asserts that "[f]or any and all instances of the granting of, or the taking o[f], intermittent FMLA leave to care for her daughter during 2017 and 2018, Plaintiff had worked at least 1,250 hours in the prior twelve (12) months." (*Id.* ¶ 16). Consequently, Plaintiff plausibly alleges that she is an eligible employee pursuant to 29 U.S.C. § 2611(2)(B). Moreover,

the parties do not debate that: (1) Defendant is a covered employer, (2) Plaintiff is entitled to FMLA leave on account of her daughter's disability, and (3) Plaintiff provided notice of her intention to take FMLA leave.

Consequently, the question before the Court is whether Plaintiff pleaded adequate facts to satisfy the fifth FMLA interference element—whether Defendant denied Plaintiff FMLA benefits to which she was entitled. Defendant contends that Plaintiff's allegations do not satisfy the fifth prong because she was never denied FMLA leave. (Mot. to Dismiss at 8). Defendant relies on *Seeger v. Cincinnati Bell Telephone Co., LLC*, in which the Sixth Circuit held that where a plaintiff received all the FMLA leave to which she was entitled, her claim should be confined to a retaliation theory. 681 F.3d 274, 283 (6th Cir. 2012) (*see also Arban*, 345 F.3d at 401; *Culpepper v. BlueCross BlueShield of Tenn., Inc.*, 321 Fed. App'x 491, 496 (6th Cir. 2009)).

Plaintiff argues that Defendant used FMLA leave as a negative factor in denying her promotional opportunities. (Opp'n at 3). Although the "negative factor" language is usually associated with FMLA retaliation claims, Plaintiff points out the FMLA interference theory protects individuals from being "discriminated against for [their] exercise [of FMLA leave]." (*Id.*) (citing *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 447 (6th Cir. 2007) ("[w]e, therefore, have no objection to rephrasing the fifth element of an interference claim as being that the employer has somehow used the leave against her and in an unlawful manner, as provided in either the statute or regulations")).

The parties' arguments are well taken. Case law from the Sixth Circuit and other courts reflects inconsistent holdings regarding whether a plaintiff is denied benefits when she is discriminated against for using FMLA leave. *Wysong*, 503 F.3d at 447 (adverse employment action based on FMLA leave is an interference); *Bradley v. Mary Rutan Hospital*, 322 F. Supp. 2d

6

926, 940 (S.D. Ohio 2004) (holding the same); *Atchison v. Sears*, 666 F. Supp. 2d 477, 489 (E.D. Pa. 2009) (adverse employment action after FMLA leave is not a denial of benefits and should be analyzed as an FMLA retaliation claim*)*; *Seeger*, 681 F.3d at 283 (holding same).

However, the *Seeger* court acknowledged that a plaintiff does not generally waive an interference claim where she asserts "general violations of 29 U.S.C. § 2615 that could apply to both interference and retaliation claims." *Seeger*, 681 F.3d at 282. *See also Morris v. Family Dollar Stores of Ohio, Inc.*, 320 Fed. App'x 300, 335 (6th Cir. 2009) (FMLA interference claim is not waived where complaint raised arguments that could apply to both interference and retaliation). Moreover, as the *Harrison* court explained: "[i]f an employer takes an employment action based, in whole or in part, on the fact that the employee took FMLA protected leave, the employer has denied the employee a benefit to which [she] is entitled." *Harrison*, 290 F. Supp. 3d at 741 (quoting *Green v. Wal-Mart Stores, East, L.P.*, No. 3:11-cv-440, 2013 WL 3223629, at *5 (S.D. Ohio June 25, 2013)).

Here, Plaintiff pleaded sufficient facts to support her interference claim. According to Plaintiff, she was denied promotional opportunities on eleven separate occasions after taking FMLA leave. (Am. Compl. ¶ 7). Plaintiff alleges that several supervisors cited her "excessive" use of FMLA leave as the reason for the denials, stating "[y]ou have to be here," and suggesting that Plaintiff was "exaggerating" her daughter's condition. (*Id.*). Furthermore, Plaintiff contends that Defendant "harassed, intimidated and discouraged [her] from exercising her FMLA rights." (Am. Compl. ¶ 20). Plaintiff states that three members of facility management "regularly and unnecessarily follow[ed] her around while she performed her duties" and began "threatening her with physical violence, and ma[de] repeated comments about her 'excessive' use of FMLA leave." (*Id.* at ¶ 10).

7

Because "employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions," Plaintiff presented sufficient facts to plausibly suggest she was denied an FMLA benefit. *See* 29 C.F.R. § 825.220(c). Accordingly, the Court **DENIES** Defendant's Motion with respect to Plaintiff's FMLA interference claim.

### 2. Retaliation

Pursuant to 29 U.S.C. § 2615(a)(2), an employer may not discriminate or retaliate against an employee for taking FMLA leave. Thus, employers are prohibited from "us[ing] the taking of FMLA leave as a negative factor in employment actions." *Hunter v. Valley View Local Schools*, 579 F.3d 688, 690 (6th Cir. 2009) (citing 29 C.F.R. § 825.220). To state a claim for retaliation under the FMLA, Plaintiff must allege that: (1) she engaged in an activity protected by the FMLA; (2) she suffered an adverse employment action; and (3) there was a causal connection between the adverse employment action and the protected activity. *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001).

Defendant argues that: (1) Plaintiff failed to plead the elements of an FMLA retaliation claim, and (2) Plaintiff's Amended Complaint is conclusory. (Mot. to Dismiss 8). Specifically, Defendant states that Plaintiff failed to allege an adverse employment action. (*Id.*). Plaintiff disagrees, averring that "being bypassed for training opportunities . . . and having those opportunities granted instead to lower seniority employees" amounts to an adverse employment action under the FMLA. (Opp'n at 3).

Taking Plaintiff's facts as true, she plausibly satisfies the first prong of the FMLA retaliation analysis. Pursuant to 29 U.S.C. § 2612(a)(1)(C), eligible employees are entitled to twelve weeks of FMLA leave "to care for a spouse, or a son, daughter, or parent, of the employee,

8

if such spouse, son, daughter, or parent has a serious health condition." Plaintiff claims that she regularly took FMLA leave beginning in 2016 to care for her disabled daughter. (Am Compl. ¶ 6). Because the statute defines a "serious health condition" as any "illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital . . . ; or (B) continuing treatment by a health care provider," Plaintiff plausibly alleges that she engaged in a protected activity by caring for her disabled daughter. 29 U.S.C. § 2611(11).

Next, the Court considers whether Plaintiff plausibly established an adverse employment action in her Amended Complaint. "An adverse employment action is a significant change in employment status, such as hiring, firing, *failing to promote*, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Rush v. E.I. DuPont DeNemours and Co.*, 911 F. Supp. 2d 545, 564–565 (S.D. Ohio 2012) (quoting *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) (emphasis added)). In the instant action, Plaintiff alleges that she was denied promotional opportunities eleven times during 2017. (Am. Compl. ¶ 7). Construing the facts in favor of Plaintiff, her promotion denials plausibly constitute adverse employment action under the FMLA. Therefore, Plaintiff satisfies prong two of the retaliation analysis.

Finally, Plaintiff plausibly alleges a causal connection between the adverse employment action and the protected activity. As noted *supra*, Plaintiff claims that, on several occasions, supervisors cited her "excessive" use of FMLA leave as the reason for her promotion denials. (Am. Compl. ¶ 7). In addition, Plaintiff alleges that her supervisor stated: "[y]ou have to be here," and suggested that Plaintiff was "exaggerating" her daughter's condition to get FMLA leave. (*Id.*). Consequently, Plaintiff presents sufficient facts to establish a plausible connection between her

9

promotion denials and her use of FMLA leave. Consequently, the Court **DENIES** Defendant's Motion with respect to Plaintiff's FMLA retaliation claim.

### B. Is it Factually Plausible that Defendant Violated the Rehabilitation Act?

The Rehabilitation Act of 1973 provides in pertinent part that:

> [n]o otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). The Sixth Circuit has held that the Rehabilitation Act should be construed as consistent with Title II of the Americans with Disabilities Act. *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007). Therefore, cases interpreting one statute are instructive on interpreting the other statute. *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 460 (6th Cir. 1997). Accordingly, associational discrimination claims are viable under the Rehabilitation Act, just as they are under the ADA. *Popovich v. Cuyahoga County Ct. of Com. Pleas, Dom. Rel. Div.*, 150 Fed. Appx. 424, 427 (6th Cir. 2005).

Associational discrimination arises when an employer discriminates against an employee, not because the employee is disabled, but because the employee is known to share a relationship or association with a disabled person. 42 U.S.C. § 12112(b)(4); *see also Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011); *Russell v. Geithner*, 2:09-CV-00975, 2012 WL 5497769, at *8 (S.D. Ohio Nov. 13, 2012), *aff'd sub nom. Russell v. Lew*, 549 Fed. Appx. 389 (6th Cir. 2013).

Plaintiff argues under the "distraction" theory of associational discrimination. (Resp. in Opp. at 4). "Distraction" relates to an employer's fear that an employee's association with a disabled person will cause the employee to become inattentive. *Geithner*, 2:09-CV-00975, 2012

10

WL 5497769, at *8. Under this theory, Plaintiff can establish an associational discrimination claim by alleging: (1) she was qualified for the position; (2) she was subject to an adverse employment action; (3) she was known to have a relationship with her disabled daughter, and (4) the circumstances of the adverse employment action raise a reasonable inference that her daughter's disability was a determining factor in the decision. *Stansberry*, 651 F.3d at 487; *see also Overley v. Covenant Transport*, 178 Fed. Appx. 488, 493 (6th Cir. 2006).

Defendant contends that Plaintiff's Amended Complaint fails to state a claim under the Rehabilitation Act because Plaintiff does not "allege specific dates, medical conditions and/or the pertinent characteristics of her daughter's alleged disability." (Mot. to Dismiss at 13). According to Plaintiff, she "set forth facts that implicate caring for her daughter's medical conditions and caring for her daughter as reason for the denial of advancement and training opportunities." (Opp'n at 4–5). Specifically, Plaintiff pleaded: (1) she was denied advancement opportunities; (2) she disclosed to Defendant that she has a disabled daughter; and (3) supervisors commented that she was taking "excessive" FMLA leave and "exaggerating" her daughter's condition. Thus, Plaintiff contends her associational discrimination claim should survive under the Rehabilitation Act. (Opp'n at 4).

Defendant's argument that Plaintiff fails to allege sufficient facts to state a claim under the Rehabilitation Act is well taken. Although Plaintiff's pleadings plausibly satisfy the last three elements of an associational discrimination claim premised on distraction theory, she fails to allege that she was qualified for a promotion. *See Geithner*, 2:09-CV-00975, 2012 WL 5497769, at *8. The *prima facie* burden of showing that Plaintiff is "qualified for the relevant position or promotion" is met by presenting facts that her qualifications are "at least equivalent to the minimum objective criteria required for employment in the relevant field." *Geithner*, 2:09-CV-

11

00975, 2012 WL 5497769, at *8 (quoting *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003)). In other words, Plaintiff must prove that "she was meeting her employer's legitimate expectations and performing to her employer's satisfaction." *Id.* (citing *Warfield v. Lebanon Correctional Institute*, 181 F.3d 723, 729 (6th Cir. 1999)). Moreover, Plaintiff must show she was qualified for each promotion that she was denied. *Id.* at *9.

In her Amended Complaint, Plaintiff alleges that she was bypassed for promotional training, and that this opportunity was given to an employee with less seniority. (Am. Compl. ¶ 12). In addition, Plaintiff states that she was "denied developmental details to 204B positions, Facilitator Training, and Safety Captain Training." (Am. Compl. ¶ 12). However, Plaintiff fails to allege that she possessed the objective qualifications for 204B positions, Facilitator Training, or Safety Captain Training. Nor does Plaintiff plausibly indicate that she was qualified for each of the eleven promotional opportunities she requested. Without additional supporting facts, Plaintiff's pleadings do not plausibly establish the first element of a *prima facie* case for associational discrimination. As such, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Rehabilitation Act claim pursuant to Rule 12(b)(6).

### C. Is it Factually Plausible that Defendant Violated Title VII?

"Title VII makes it an 'unlawful employment practice' for an employer to 'discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Yazidan v. ConMed Endoscopic Technologies, Inc.*, 793 F.3d 634, 644 (6th Cir. 2015) (citing 42 U.S.C. § 2000(e)–(2)(a)(1)). In addition, it is "an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because [she] has

opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge . . . under this subchapter." 42 U.S.C. § 2000(e)–(3)(a).

To state a *prima facie* case of retaliation under Title VII, Plaintiff must show: (1) she engaged in a protected activity; (2) Defendant was aware that Plaintiff had engaged in a protected activity; (3) Defendant took an adverse employment action against Plaintiff after she engaged in a protected activity; and (4) there was a causal connection between the protected activity and the adverse employment action. *Id.* at 649 (citing *Hamilton v. Gen. Elec. Co.*, 556 F.3d 428, 435 (6th Cir. 2009)).

As noted *supra*, Plaintiff frames her third cause of action as "Retaliation for Complaints Regarding Unlawful Discrimination." (Am. Comp. ¶ 29). Plaintiff does not cite Title VII or any other statute with respect to her third count. (*Id.* ¶ 29–31). Nor does Plaintiff discuss Title VII in her Response in Opposition. (*See generally* Opp'n). Defendant argues that Plaintiff's "unspecified cause of action" is "seemingly filed under Title VII," yet lacks a "short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Rule 8(a)(2). (Mot. to Dismiss at 13–15). Defendant further contends that "Plaintiff's amended allegations are conclusory and they fall short in alleging an adverse employment action." (*Id.* at 15).

Assuming, *arguendo*, that Plaintiff can sufficiently establish an adverse employment action, her Amended Complaint does not satisfy the first prong of a *prima facie* Title VII retaliation case. Under the text of the statute, Title VII protects employees who oppose or charge an employer for engaging in a practice "made an unlawful employment practice *by this subchapter*." 42 U.S.C. § 2000(e)–(3)(a) (emphasis added). Pursuant to subsection 42 U.S.C. § 2000(e)–(2)(a), unlawful employment practices include discrimination on the basis of an individual's race, color, religion, sex, or national origin. *See also University of Texas Southwestern Medical Center v. Nassar*, 570

13

U.S. 338, 359–360 (2013) ("Title VII defines the term 'unlawful employment practice' as discrimination on the basis of any of seven prohibited criteria: race, color, religion, sex, national origin, opposition to employment discrimination [as defined by the statute], and submitting or supporting a complaint about employment discrimination [as defined by the statute]"). Thus, the statute does not extend to discrimination on the basis of disability.

Because Plaintiff alleges that Defendant retaliated against her for filing a Charge of Discrimination on account of her daughter's disability, she did not plausibly engage in a protected activity under Title VII. Accordingly, the Court **GRANTS** Defendant's Motion with respect to Plaintiff's Title VII claim.

### III.

Defendant also contends that Plaintiff's Rehabilitation Act claim should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). (Mot. to Dismiss at 9–10). Because Plaintiff failed to state a claim for which relief can be granted under the Rehabilitation Act, the Court need not address Rule 12(b)(1).[2]

### IV.

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED in part**. (ECF No. 13). Plaintiff's Rehabilitation Act and Title VII claims are **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

---

[2] Defendant maintains that the Court lacks subject matter jurisdiction over Plaintiff's Rehabilitation Act claim because she failed to exhaust her administrative remedies. (Mot. to Dismiss at 9). Although the Court need not address this issue presently, a recent Supreme Court decision suggests that the exhaustion of administrative remedies is no longer a jurisdictional requirement. *See Fort Bend County, Texas v. Davis*, 139 S.Ct. 1843, 1850–1851 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts").

14

**IT IS SO ORDERED.**

<u>7-29-2019</u>
**DATE**

_(signature)_
**EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE**